ELLIS, Judge.
This is a suit by the plaintiffs for $247.24 which amount it is alleged was due for repairs made to defendant’s automobile. From a judgment in favor of plaintiff. *336 Gueydan Motor Company, rejecting the demand of Ones Bertrand and the recon-ventional demand of the defendant, a rehearing was granted, reinstating the original judgment, from which the defendant has appealed.
The district judge gave written reasons for the original judgment and upon rehearing stated in substance that the evidence preponderated that the charges for the work were fair, just and reasonable, with no evidence to the contrary in the record; that the defendant knew he could not have his car properly repaired for $75.00 as claimed 'by him or any amount near this figure; that defendant knew where the repairs were being made without objections; that he did not rent an automobile to take the place of the car being repaired and, therefore, his claim for damages for loss of use of his automobile due to an unreasonable delay in repairing it must be denied.
It appears from the record that the co-plaintiff, Ones Bertrand, opened a small repair shop and solicited appellant for the purpose of securing the job of repairing his 1937 Oldsmobile. Appellant in his answer alleged that he had paid to Bertrand $75.00 and that such payment “constituted payment of the approximate cost of the work to be performed on defendant’s automobile.” His testimony is slightly different than his answer in that he testified that the consideration for the work was to be $75.00. He testified that the price for the paint job was agreed upon and set at $35.00.
Bertrand testified that he fixed the paint job at $45.00 and that there was no other price fixed. -There is an itemized bill showing the amount of labor and the parts necessary to repair defendant’s automobile. An inspection of the testimony reveals that defendant expected all of these repairs to be made. Shortly .after Bertrand secured the repair job on the defendant’s automobile, -he- was offered and accepted employment with the plaintiff, Gueydan Motor Company, and defendant then agreed that the automobile should be removed to their shop and the repairs completed. It is shown that he came into the shop during the time the repairs were being made, asked no questions and made no objections except that he was desirous of getting his automobile as soon as possible. When the repairs were completed, he came personally, accepted the automobile, and drove it off. It is true that the car did not start immediately, however, no repairs which might have corrected the cause for it not starting were contemplated or made. He testified that his family objected to the color of the seat covers and that they had split and he had them repaired, however, he never brought the seat covers back or made any complaints to Bertrand or the Gueydan Motor 'Company.
Defendant contends that the price agreed for the paint job was $35.00, whereas he was charged $45.00. The owner of the Gueydan Motor Company attempts to explain this charge by stating that the $35.00 price did not include the cost of the paint. There is no evidence that the defendant was told that the paint was not to be included in this price. We are of the opinion that the defendant is entitled to this reduction.
We also fail to find any evidence showing any labor done on the motor for which there was a charge of $34.00, and likewise fail to find any evidence that the shock absorbers were reconditioned. On the contrary, the evidence shows that they were removed and never replaced, for which there was a charge of $3.00. Plaintiff alleged that $60',00 for fender work was agreed upon. We gather from the bill and evidence that body lead, acid, fender welt and cotton were used in the repair of the fenders, which totalled $8.70. We are likewise of the opinion that the agreed price of $60.00 included the labor and material.
We are therefore -of the opinion that the judgment of the District Court should be reduced by the sum of $55.70.
As thus amended the judgment of the District Court is hereby affirmed, the plaintiff to pay the costs of this appeal, all other costs to be paid by defendant